IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

:

CHRISTOPHER M. COVERT, ET AL.

:

    v.                           :    Civil Action No. DKC 13-0698

:

LVNV FUNDING, LLC., ET AL.

:

## MEMORANDUM OPINION

Presently pending and ready for review is a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) filed by LVNV Funding, LLC. ("LVNV"), Resurgent Capital Services Limited Partnership ("Resurgent"), and Sherman Originator LLC ("Sherman") (collectively "Defendants"). (ECF No. 13). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to dismiss will be granted.

## I.  Background[1]

Christopher M. Covert, Thomas E. Haworth, Carol J. Haworth, Kifle Ayele, and Dwan L. Brown (collectively "Plaintiffs") are debtors who initiated this putative class action on March 5, 2013, alleging unjust enrichment and violations of federal and state debt collection statutes. Plaintiffs claim that Defendants violated federal and state law when they filed proofs

---

[1] The facts are drawn from the complaint.

of claim in Plaintiffs' Chapter 13 bankruptcy proceedings without the requisite collection license from the State of Maryland to collect the underlying debts.[2] Plaintiffs allege the following facts.

LVNV and Sherman are debt buyers "that have acquired from another creditor, and then sought to collect, a 'consumer claim' . . . already in default and owed by each of the Named Plaintiffs." (ECF No. 1 ¶ 9). Plaintiffs allege that at all relevant times, Sherman did not have a license from the State of Maryland to do business as a collection agency. (*Id.* ¶ 15). Plaintiffs allege that LVNV similarly did not have a Maryland collection license until February 18, 2010, at which point LVNV became "authorized to do business as a collection agency only at its business address [in Nevada]." (*Id.* ¶ 17). Moreover, Plaintiffs contend that

> [b]efore LVNV had the requisite license from the State of Maryland, LVNV acquired from Sherman Originator consumer claims allegedly in default and then filed thousand[s] of lawsuits in courts of the State of Maryland and filed a Proof of Claim in thousands of bankruptcy cases that residents of the State of Maryland had commenced in the United

---

[2] Under Chapter 13 of the Bankruptcy Code, the debtor remains in possession of the property and cures his or her indebtedness, under the supervision of the trustee, by making regular payments to creditors from his or her earnings through a court approved payment plan. *See* 11 U.S.C. §§ 1306(b), 1322; *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 516 (2d Cir. 1998).

States Bankruptcy Court for the District of Maryland.

(Id. ¶ 19).[3] Plaintiffs assert that "Resurgent subsequently received payments on behalf of LVNV in certain of the Maryland Bankruptcy Cases based on such an invalid and unauthorized Proof of Claim." (*Id.*). Plaintiffs contend that LVNV continues to collect consumer claims associated with Maryland residents "from LVNV's other places of business in South Carolina and other States and not at its Nevada Place of Business, including the filing of a Proof of Claim in many additional Maryland Bankruptcy Cases." (*Id.* ¶ 20).

Specifically, Resurgent, on behalf, of LVNV, filed proofs of claim in each Plaintiff's Chapter 13 proceeding on the following dates: (1) November 18, 2008 on Carol Haworth's and Thomas Haworth's accounts (ECF No. 1-2, 1-3, 1-4); (2) December 4, 2008 on Christopher Covert's account (ECF No. 1-1); (3) December 23, 2008 on Kifle Ayele's account (ECF No. 1-5); (4) April 8, 2009 on Dwan Lee Brown's account (ECF No. 1-6). LVNV is listed as the current creditor on the proofs of claim. The proofs of claim further provide that Resurgent services the respective accounts on behalf of the current creditor. The United States Bankruptcy Court for the District of Maryland

---

[3] At issue in this case are the proofs of claim filed in the bankruptcy proceedings, not the state court lawsuits allegedly initiated by LVNV.

confirmed each Chapter 13 repayment plan, including the filed
proofs of claim at issue here.[4]  Plaintiffs allege that "[i]n
each of the Named-Plaintiffs' Maryland Bankruptcy cases, LVNV
has filed a Proof of Claim that was invalid and illegal because
Sherman Originator and LVNV did not have the requisite licenses
from the State of Maryland to do business as collection agencies
at the time that they acquired the consumer claim at issue
(*i.e.,* the debt) when the consumer claim was already in default
or at the time that Resurgent on behalf of LVNV filed a Proof of
Claim to collect on the consumer claim."  (ECF No. 1 ¶ 25).

Plaintiffs explain that as a result of Defendants'
activities, on October 25, 2011, the Maryland State Collection
Agency Licensing Board in the Office of the Commissioner of
Financial Regulation issued a Summary Order to Cease and Desist
and Summary Suspension of Collection Agency Licenses to LVNV and
Resurgent.  The state board ordered all Defendants and related
entities to "cease and desist from engaging in the debt
collection business, including all collection-related litigation
activities in Maryland state courts."  (*Id.* ¶ 22).  Plaintiffs
aver that the Summary Order provides that "LVNV had already

---

[4] Specifically, Plaintiffs assert that the bankruptcy court
confirmed Mr. Covert's Chapter 13 repayment plan on December 18,
2008 (ECF No. 1 ¶ 48); the Haworths' Chapter 13 repayment plan
on December 15, 2008 (*Id.* ¶ 56);  Mr. Ayele's Chapter 13
repayment plan on December 18, 2009 (*Id.* ¶ 63); and Mr. Brown's
Chapter 13 repayment plans December 2, 2010 (*Id.* ¶ 70).

brought over 17,160 actions in Maryland State courts prior to the date that it became licensed as a collection agency" . . . and "even after obtaining a collection agency license in February 2010, LVNV has continued to engage in unlicensed collection activities by conducting business as a collection agency in Maryland from a location in Greenville, South Carolina for which LVNV is not licensed." (*Id.*).[5] Plaintiffs assert that Defendants entered into a Settlement Agreement with the Maryland Licensing Board on June 28, 2012, "but that settlement does not apply to 'consumer claims that are subject to a pending bankruptcy proceeding or were discharged in bankruptcy.'" (*Id.* ¶ 23 (*quoting* Settlement Agreement)). Finally, Plaintiffs aver that "Resurgent on behalf of LVNV . . . continued to receive, even after the Summary order, payments in Maryland Bankruptcy cases, including Named-Plaintiffs cases, based on an invalid and illegal Proof of Claim." (*Id.* ¶ 25; *see also id.* ¶¶ 42, 50, 58, 65).[6]

---

[5] Maryland law requires a debt collector to obtain a license. *See* Maryland Collection Agency Licensing Act ("MCALA"), Md. Code Ann., Bus. Reg. § 7-301(a) ("a person must have a license whenever the person does business as a collection agency in the State").

[6] Specifically, Plaintiffs assert that on behalf of LVNV, Resurgent received the following payments: (a) 33 monthly payments from the proof of claim filed on Mr. Covert's account, from August 31, 2009 through May 29, 2012, totaling $1,543.47 (ECF No. 1 ¶ 49); (b) three monthly payments from the proof of claim filed on the Howarths' accounts from May 31,2011 through

Plaintiffs allege that Defendants violated: (1) the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692, *et seq.* (Count I); (2) Maryland Consumer Debt Collection Act ("MCDCA"), Md. Code Ann., Com. Law, §§ 14-201, *et seq.* (Count II); and (3) Maryland Consumer Protection Act ("MCPA"), Md. Code Ann., Com. Law §§ 13-101, *et seq.* (Count III). Plaintiffs also assert unjust enrichment (Count IV) and object to each proof of claim that LVNV filed in the respective bankruptcy cases (Count V). Finally, Plaintiffs seek attorneys' fees and expenses in obtaining bankruptcy relief pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure (Count VI). (*See* ECF No. 1, at 15-28).[7] There is jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1334, and supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367. Defendants suggest that Counts V and VI should be deemed referred to the United States Bankruptcy Court pursuant to Local Rule 402. It may be that all claims are deemed referred pursuant to Local Rule 402. Under the circumstances, however, the reference is withdrawn at this

---

December 31, 2012, totaling $1,620.17, $893.60, and $102.62 (*Id.* ¶ 57); (c) 27 monthly payments from the proof of claim filed in Mr. Ayele's account from October 29, 2010 through December 31, 2012, totaling $3,360.10 (*Id.* ¶ 64); and (d) payments totaling $105.15 from August 31, 2011 through August 31, 2012 from the proof of claim filed in Mr. Brown's account (*Id.* ¶ 71).

[7] Counts three through five are asserted on behalf of Plaintiff Covert and the State Law Sub-Class.

time. *See* 28 U.S.C. § 157(d) ("t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any part, for cause shown."); *In re Grewe*, 4 F.3d 299, 304 (4th Cir. 1993) ("district courts retain the power to withdraw any reference from the bankruptcy court.").

Defendants moved to dismiss the complaint on April 9, 2013 (ECF No. 13), which Plaintiffs opposed on May 6, 2013 (ECF No. 16). Defendants replied on May 17, 2013 (ECF NO. 17).[8]

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further

---

[8] Defendants subsequently filed a Notice of Supplemental Authority on May 22, 2013. (ECF No. 19). Plaintiffs then filed two sets of papers advising of supplemental authority – one on July 18, 2013 (ECF No. 21) and one on October 11, 2013 (ECF No. 22).

factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Defendants assert that the following grounds warrant dismissal of the complaint. (1) *Res judicata* bars Plaintiffs' claims because the confirmation of each Chapter 13 plan conclusively establishes the validity of the proofs of claim and Defendants' right to receive payments thereunder. (2) Count one should be dismissed because the filing of alleged invalid proofs of claim does not constitute actionable collection activity under the FDCPA. (3) Plaintiffs' federal and state law claims are barred by the statute of limitations. Alternatively,

Defendants contend (4) that Plaintiffs' state law claims are preempted by the Bankruptcy Code. Finally, Defendants aver (5) that objections to the proofs of claim and requests for attorneys' fees and expenses are not properly before this court and should have been brought in the United States Bankruptcy Court for the District of Maryland.

Defendants' affirmative defenses, statute of limitations and *res judicata*, are not typically considered on a motion to dismiss. The statute of limitations is an affirmative defense that a party typically must raise in a pleading under Fed.R.Civ.P. 8(c). *See Enjola v. Leasecomm Corp.*, 214 F.Supp.2d 520, 525 (D.Md. 2002); *Gray v. Mettis*, 203 F.Supp.2d 426, 428 (D.Md. 2002). Nevertheless, dismissal may be proper "when the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *Brooks v. City of Winston-Salem, N.C.*, 85 F.3d 178, 181 (4th Cir. 1996); *see also Rice v. PNC Bank, N.A.*, No. PJM 10-07, 2010 WL 1711496, at *3 (D.Md. Apr. 26, 2010) (dismissing claims brought under the Truth in Lending Act as untimely pursuant to a motion to dismiss). Similarly, the United States Court of Appeals for the Fourth Circuit has permitted dismissal on *res judicata* grounds in some circumstances:

> This Court has previously upheld the assertion of res judicata in a motion to dismiss. Although an affirmative defense

> such as res judicata may be raised under
> Rule 12(b)(6) "only if it clearly appears on
> the face of the complaint," when
> entertaining a motion to dismiss on the
> ground of res judicata, a court may take
> judicial notice of facts from a prior
> judicial proceeding when the res judicata
> defense raises no disputed issue of fact.

*Andrews v. Daw*, 201 F.3d 521, 524 (4th Cir. 2000) (internal citations omitted).

## III. Analysis

### A. Res Judicata

"Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication." *In re Varat Enters., Inc.*, 81 F.3d 1310, 1314-15 (4th Cir. 1996). The concept of claim preclusion provides that if the later litigation arises from the same cause of action as the first, then the judgment bars litigation not only of every matter actually adjudicated in the earlier case, but also every claim that might have been presented. *Nevada v. United States*, 463 U.S. 110, 129-30 (1983). *Res judicata* generally applies to bankruptcy cases. *See In re Varat Enters., Inc.*, 81 F.3d at 1314-15 ("Under *res judicata*, a . . . judgment can preclude subsequent litigation."). *Res judicata* applies when three conditions are met: "1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in

accordance with the requirements of due process; 2) the parties are identical, or in privity, in the two actions; and 3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding." *Id.* at 1315 (internal citations omitted). In order for *res judicata* to bar litigation, all three elements must be present.

All three elements are met for the unjust enrichment claim. The confirmation of Plaintiffs' Chapter 13 plans constitutes a final judgment on the merits. *See In re Varat Enters., Inc.*, 81 F.3d at 1315. ("[a] bankruptcy court's order of confirmation is treated as a final judgment with res judicata effect."); *In re Luria*, 175 B.R. 601, 608 (Bankr.D.Md. 1994) ("[o]nce the plan is confirmed, all questions which could have been raised pertaining to such plan are *res judicata*." (internal citations omitted). Second, the parties to the present dispute are the same parties whose Chapter 13 plans the bankruptcy court confirmed.[9] Third, the unjust enrichment claim stems from Defendants' payment collections based on the proofs of claim that the bankruptcy court approved as part of the Chapter 13 plan confirmations.

"[T]he debtor may not file a post-confirmation collateral action that calls into question the proof of the claim." *In re*

---

[9] "A party for the purposes of former adjudication includes one who participates in a Chapter [13] plan confirmation proceeding." *In re Varat Enterprises, Inc.*, 81 F.3d at 1316 n.6.

*Snow*, 270 B.R. 38, 41 (D.Md. 2001) (citing *Adair v. Sherman*, 230 F.3d 890, 894-95 (7th Cir. 2000)). To show unjust enrichment, Plaintiffs asserts that Defendants "filed a Proof of Claim in Maryland Bankruptcy Cases . . . and received payments, which conferred a substantial benefit on Defendants . . . It would be inequitable for any of the Defendants to retain any such monies to which none of them had any legal right." (ECF No. 1 ¶¶ 94, 97). Plaintiffs' unjust enrichment claim constitutes a collateral attack on the Bankruptcy Court's confirmation of the Chapter 13 plans because Plaintiffs essentially object to Defendants' collection on the debts approved during the bankruptcy proceedings. *See, e.g., In re Bacx Corp.*, Civ.A. JFM-99-42, 1999 WL 33955337, at *2 (D.Md. Sept. 8, 1999) (holding that *res judicata* barred several unjust enrichment claims because the claims stemmed from the same operative facts addressed during the hearing in Bankruptcy Court approving the sale); *In re Met-L-Wood Corp.*, 861 F.2d 1012, 1018 (7th Cir. 1988) (interpreting suit not seeking to rescind sale, but seeking heavy damages from purchasers and others as a collateral attack on judgment confirming sale). Plaintiffs could have objected to the proofs of claim Defendants filed in the bankruptcy cases. *Department of Air Force v. Carolina Parachute Corp.*, 907 F.2d 1469, 1473-74 (4th Cir. 1990) (noting that federal courts have consistently applied *res judicata* principles

to bar a party from asserting a legal position after failing, without reason, to object to the relevant proposed plan of reorganization or to appeal the confirmation order); *Rich v. Maryland Nat. Bank*, 42 B.R. 350, 353 (D.Md. 1984) ("The Order of Confirmation is . . . *res judicata* as to all justiciable issues decided or which could have been decided at the hearing on confirmation."). Accordingly, *res judicata* bars the unjust enrichment claim.[10]

*Res judicata* does not, however, bar the federal and state consumer law claims. As the Fourth Circuit previously held, "[b]ecause confirmation of a Chapter 13 plan is *res judicata* only as to issues that can be raised in the less formal procedure for contested matters . . . confirmation generally cannot have preclusive effect as to the validity of a lien

---

[10] Even if *res judicata* does not bar the unjust enrichment claim, Plaintiffs fail to state a claim. Among other elements of an unjust enrichment claim under Maryland law, a plaintiff must show circumstances such that it would be inequitable for the defendant to retain the benefit conferred by the plaintiff without paying for it. *See Abt. Assocs., Inc. v. JHPIEGO Corp.*, 104 F.Supp.2d 523, 535 (D.Md. 2000). Here, Defendants lawfully collected payments from the proofs of claim through the bankruptcy proceeding. Thus, any payments received from the proofs of claim cannot be characterized as unjust, and Plaintiffs cannot maintain this claim. *See, e.g., Thompkins v. Lil' Joe Records, Inc.*, 476 F.3d 1294, 1314 (11th Cir. 2007) (dismissing an unjust enrichment claim on the ground that "[defendant] became lawful owner of the copyrights through the bankruptcy, and it ha[d] no royalties obligations to [plaintiff] . . . any profits [defendant] realizes from its exploitation of the copyrights that it lawfully purchased through the bankruptcy cannot be characterized as unjust.").

[Bankruptcy Rule 7001(2)], which must be resolved in an adversary proceeding." *Cen-Pen Corp., v. Hanson*, 58 F.3d 89, 93 (4th Cir. 1995). Similarly, although "the debtor may not file a post-confirmation collateral action that calls into question the proof of the claim," a debtor may commence an adversary proceeding to "recover money or property" pursuant to Bankruptcy Rule 7001(1). *See Modanlo*, 493 B.R. at 473 n.3. The Fourth Circuit noted, "[i]f an issue must be raised through an adversary proceeding it is not part of the confirmation process and, unless it is actually litigated, confirmation will not have a preclusive effect." *Cen Per Corp.*, 58 F.3d at 93 (*quoting In re Beard*, 112 B.R. 951, 955-56 (Bankr.N.D.Ind. 1990)).[11]

Plaintiffs argue that the relief they seek in the instant proceeding could not have been raised in their bankruptcy

---

[11] A bankruptcy case is commenced by the filing of a petition. Fed.R.Bankr.P. 1002(a). Within the case, the creditor may file a proof of claim, which, if objected to, becomes a disputed matter, and a disputed matter in a bankruptcy case is referred to as a contested matter. *See* Fed.R.Bankr.P. 9014 advisory committee's note; *see also In re American Reserve*, 840 F.2d 487, 488 (7th Cir. 1998) ("All disputes in bankruptcy are either adversary proceedings or contested matters"). An adversary proceeding in a bankruptcy case must fall within one of the categories defined in Rule 7001 and must be commenced by the filing of a complaint. Fed.R.Bankr.P. 7001, 7003. In addition, any objection to a proof of claim that asserts a claim for relief of the kind listed in Rule 7001 may serve as a complaint commencing an adversary proceeding. *See* Fed.R.Bankr.P. 3007. Here, Plaintiffs did not file objections to the proofs of claim in their bankruptcy cases; instead, they filed the instant putative class action complaint alleging violations related to the proofs of claim.

proceedings because they seek to recover "money for their actual damages, statutory damages, attorneys' fees and expenses, and the same relief for the putative class" based on consumer law violations. (*See* ECF No. 16, at 3-4). Plaintiffs' objections stem from the alleged invalidity of the proofs of claim – and not the underlying debt – because Defendants allegedly did not have a valid collection license at the time they filed proofs of claim and subsequently collected payments. *Cf. Adair*, 230 F.3d at 896 (rejecting plaintiff's FDCPA claim upon finding that he was "attempting to use an FDCPA claim to attack the existence of the underlying debt, a matter already determined definitively in the bankruptcy proceeding."). Unlike in *In re Varat Enters., Inc.*, Plaintiffs' federal and state consumer law claims do *not* stem from the same cause of action at issue in the confirmation proceeding, which addressed the *existence* of a debt.[12] Furthermore, as the Fourth Circuit reasoned in *Cen-Pen*, confirmation of a bankruptcy plan generally cannot have preclusive effect on matters – enumerated in Rule 7001 – which must be resolved in an adversary proceeding. *Cen-Pen Corp.*, 58 F.3d at 93. Although generally, once a bankruptcy plan is confirmed, its terms are not subject to collateral attack, "[i]f

---

[12] According to the Bankruptcy Code, any proof of claim filed by a creditor is deemed allowed, unless a party in interest objects. *See* 11 U.S.C. § 502(a); *In re Greenig*, 152 F.3d 631, 633 (7th Cir. 1998).

an issue must be raised through an adversary proceeding it is not part of the confirmation process and, unless it is actually litigated, confirmation will not have a preclusive effect." *Id.* Just as "[i]nitiation of an adversary proceeding is a prerequisite to challenging 'the validity or existence' of a lien [under Rule 7001(2),]" so too is an initiation of an adversary proceeding a prerequisite to recover money or property under Rule 7001(1). *Id.*

Defendants respond that Plaintiffs' claims cannot be classified as actions "to recover money or property" under Rule 7001(1) because Plaintiffs do not seek to recover funds for the bankruptcy estate, but instead are attempting to recover statutory and actual damages for alleged debt collection misconduct under the FDCPA. In the complaint, Plaintiffs allege that they have suffered actual damages and in their prayer for relief they request recovery of actual damages for the alleged violation of federal and state consumer laws. This allegation is sufficient to bring the claims within the purview of Rule 7001(1). *See In re Richard B. Dean and Brenda S. Dean v. Global Fin. Credit, LLC*, 359 B.R. 218, 222 (C.D.Ill. 2006) (rejecting defendant's argument that the debtors were not seeking recovery of money or property under Rule 7001(1), but only sought to recover sanctions for alleged contempt); *see also In re Moses*, 9 B.R. 370 (Bankr.N.D.Ga. 1981) (holding that a claim for damages

under the Truth in Lending Act required an adversary proceeding).

Accordingly, the bankruptcy court's confirmation of the Chapter 13 plans does not serve as *res judicata* to bar the putative class action for alleged violations of federal and state consumer laws.

## B. FDCPA, MCDCA, and MCPA Claims (Counts I, II, and III)

Defendants argue that Plaintiffs fail to state a claim under the FDCPA because the filing of a proof of claim does not constitute an act to collect a debt. In the opposition, Plaintiffs primarily argue that the FDCPA and the Bankruptcy Code do not preempt each other, but offer nothing to support an argument that filing allegedly unlawful proofs of claim constitutes collection activity within the meaning of the FDCPA.

The FDCPA regulates debt collectors who "regularly collect[] or attempt[] to collect, directly or indirectly, [consumer] debts owed [to] . . . another." *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995) (*quoting* 15 U.S.C. § 1692a(6)). To state a claim for relief under the FDCPA, Plaintiffs must allege that "(1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt[] collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Stewart*, 859 F.Supp.2d at 759 (citation omitted).

17

The FDCPA states that "to be liable under the statute's substantive provisions, a debt collector's targeted conduct must have been taken 'in connection with the collection of any debt,' *e.g.,* 15 U.S.C. §§ 1692c(a)-(b), 1692d, 1692e, 1692g, or in order 'to collect any debt,' *id*. § 1692f." *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 459-60 (6th Cir. 2013). Although judges in this district have held that unlicensed debt collection activities violate the FDCPA, *see, e.g., Bradshaw v. Hilco Receivables, LLC*, 765 F.Supp.2d 719, 729 (D.Md. 2011), the outcome determinative question is whether filing proofs of claim constitutes debt collection activity within the meaning of the FDCPA and the state consumer laws, which also require a collection activity as a prerequisite to recovery.[13] The Fourth

_____

[13]  At issue in *Bradshaw v. Hilco Receivables, LLC* was whether defendant violated Maryland and federal consumer laws by filing suit against Maryland debtors.  765 F.Supp.2d at 723. The court stated that "it is clear that [defendant] is a debt collector and has engaged in collection activity within the meaning of the FDCPA as a result of its initiation of state court lawsuits brought against [plaintiff] and the class members." *Id*. at 727.  Although the court "declined to hold that any violation of state law, no matter how trivial, constitutes a *per se* violation of the FDCPA," the court held that a violation of state licensing law may support a cause of action under the FDCPA, including when an unlicensed debt purchaser files lawsuits to collect on debt in default as a threat to take an action that cannot legally be taken.  *Id*. at 729; *see also Hauk v. LVNV Funding, LLC*, 749 F.Supp.2d 358, 366-67 (D.Md. 2010) (indicating that a debt collector's failure to register under state collection law is pertinent to whether it used unfair or unconscionable means to collect a debt).  The *Bradshaw* court also concluded that consumers who are *sued* by unlicensed debt collectors in violation of the MCALA may bring a

18

Circuit has yet to address this exact issue. The majority of courts, however, have held that filing proofs of claim, even if unlawful, does not constitute debt collection activity. A long line of cases have held that the FDCPA is inapplicable to the filing of proofs of claim in bankruptcy cases, "regardless of whether the underlying claim is stale or invalid for any other reason." *In re Claudio v. LVNV Funding, LLC*, 463 B.R. 190, 193 (D.Mass. 2012); *see also In re McMillen*, 440 B.R. 907, 911 (Bkrtcy.N.D.Ga. 2010) ("[t]here are many cases where courts have dismissed complaints holding that an FDCPA cause of action cannot be based on filing a proof of claim during a bankruptcy proceeding"); *Jacques v. U.S. Bank N.A.*, 416 B.R. 63, 80 (Bkrtcy.E.D.N.Y. 2009) (holding that filing a proof of claim is not a prohibited activity under the FDCPA).

---

claim for damages under the MCDCA and MCPA. As this case does not involve collection efforts based on *lawsuits* to recover money from consumers, *Bradshaw* is readily distinguishable.

Furthermore, to the extent Plaintiffs rely on *Finch v. LVNV Funding LLC*, 212 Md.App. 748 (2013), for the proposition that Defendants' conduct is actionable under the MCPA and MCDCA, such reliance is similarly misplaced. Like *Bradshaw*, *Finch* did not address whether an unlicensed debt collector's filing of proofs of claim in Chapter 13 bankruptcy proceedings constitutes collection activity under the MCPA and MCDCA. Specifically, the Court of Special Appeals of Maryland held that a judgment entered in favor of an unlicensed debt collector constitutes a void judgment as a matter of law; the court thus concluded that because the underlying judgments are void, parties may collaterally attack such judgments in a circuit court action. *Finch*, 212 Md.App. at 764.

As the Second Circuit held in *Simmons v. Roundup Funding, LLC*, 622 F.3d 93, 95 (2[d] Cir. 2010), "[f]ederal courts have consistently ruled that filing a proof of claim in bankruptcy court (even one that is somehow invalid) cannot constitute the sort of abusive debt collection practice proscribed by the FDCPA, and that such a filing therefore cannot serve as the basis for an FDCPA action." *See also Jenkins v. Genesis Fin. Solutions and Vativ Recovery Solutions, LLC*, 456 B.R. 236, 240 (Bankr.E.D.N.C. 2011) ("The court is not persuaded that filing a proof of claim can constitute regulated 'collection' activity within the meaning of [the FDCPA]"); *In re Lisier v. Citibank, N.A.*, Bkr. No. 09-17326PM, 2010 WL 4941475, at *2 (Bankr.D.Md. Nov. 24, 2010) (recognizing the proposition "that the filing of an inflated proof of claim in a bankruptcy case cannot form a basis for a claim under the Fair Debt Collection Practices Act.").

Furthermore, the court in *In re Humes* recently held, "as a matter of law . . . a FDCPA claim cannot be predicated on a creditor's filing of a proof of claim. The Code, case law, and policy dictate such a result." *In re Humes v. LVNV Funding, L.L.C., et al.*, 496 B.R. 557, 581 (Brtcy.E.D.Ark. 2013). *In re Humes* provides:

> If filing a proof of claim constituted a 'collection' activity [under the FDCPA], then filing proofs of claim under § 502(b)

> would be fundamentally at odds with language
> in § 362(a)(6) providing that the filing of
> a petition 'operates as a stay, applicable
> to all entities, of . . . any act to
> *collect*, assess, or recover a claim against
> the debtor that arose before the
> commencement of the case under this title.'

*Id.* (*quoting Jenkins*, 456 B.R. at 240) (emphasis in original);

*see also In re Carter v. B-Line, LLC,* Adversary No. 11-00069-8-

RDD, 2012 WL 627769, at *2 (Bkrtcy.E.D.N.C. Feb. 24, 2012)

(dismissing case where plaintiff argued that "[b]y engaging in

the collection of debts without being licensed, the [d]efendant

was engaging in an unfair practice in violation of North

Carolina General Statute § 58-70-115" because filing proofs of

claim did not constitute collection activity).[14]   The court's

analysis in *In re McMillen* is also instructive:

> [F]iling a proof of claim in bankruptcy
> cannot be the basis for an FDCPA claim,
> because it is not an activity against a
> consumer debtor.   The FDCPA is designed to
> regulate debt collection activities against
> unsophisticated consumers.   To constitute a
> debt collection activity under the FDCPA,
> the activity must be asserted against a
> consumer.   The filing of a proof of claim is
> a request to participate in the distribution
> of the bankruptcy estate under court
> control.   It is not an effort to collect a

---

[14] Although Plaintiffs argue that Section 1692e(5) forbids threatening to take or actually taking "any action that cannot legally be taken," "the Bankruptcy Code and Rules allow the action of filing a proof of claim on any type of non-fraudulent debt." *B-Real, LLC v. Rogers, et al.*, 405 B.R. 428, 433 (M.D.La. 2009).

> debt from the debtor, who enjoys the
> protections of the automatic stay.

440 B.R. at 912.

Plaintiffs' reliance on cases in their opposition concerning whether the Bankruptcy Code preempts FDCPA claims is misplaced, considering the threshold issue is whether filing proofs of claim, even assuming they were unlawful, constituted collection activity within the meaning of the FDCPA. For instance, Plaintiffs rely on an opinion from the Seventh Circuit, *Randolph v. IMBS, Inc.*, 368 F.3d 726 (7th Cir. 2004), to support their position of a viable FDCPA claim. But as the court in *In re Claudio* observed, "*Randolph* was not a case about the filing of invalid or stale proofs of claim – in fact, it was not about proofs of claim at all."[15] *In re Claudio*, 463 B.R. at 194. *Randolph* dealt with the question of whether FDCPA claims arising from a pending bankruptcy proceeding were categorically precluded by the Bankruptcy Court. Similarly, Plaintiffs cite *Kline v. Mortgage Elec. Sec. Sys.*, 659 F.Supp.2d 940 (S.D.Ohio 2009), for the broad proposition that the Bankruptcy Code does

---

[15] Plaintiffs assert in the opposition that their claims, under both federal and state statutes, "arise from Defendants' failure to comply with Maryland state statutory provisions requiring collection agencies to obtain Maryland state licenses." (ECF No. 16, at 14). Notably, the court in *In re Claudio* observed that "even if the FDCPA did apply, it is far from clear that the filing of a claim whose enforcement is barred under state law would violate its provisions." 463 B.R. at 194.

not preclude FDCPA claims. In *Kline*, however, the court rejected "the Report and Recommendation of the Magistrate Judge to the extent that she recommended that the Court dismiss the FDCPA claims of Jones and the Rosses, *because the Bankruptcy Code impliedly repeals their claims under that statute*." *Id.* at 951 (emphasis added). Consequently, the court in *Kline* concluded that the FDCPA claims could not be dismissed "*on the basis of the implicit repeal of* [the FDCPA]." *Id.* (emphasis added). Whether Plaintiffs' FDCPA claim is precluded by the Bankruptcy Code is a separate question, however, from whether Plaintiffs pled a *prima facie* case under the FDCPA, MCPA, and MCDCA.

The same logic applies with equal force to Plaintiffs' claims alleging violations of the MCDCA and MCPA, which also require Plaintiffs to show an attempt to collect a debt. *See Wiseman v. First Mariner Bank*, No. ELH-12-2423, 2013 WL 5375248, at *25 (D.Md. Sept. 23, 2013) ("Both the FDCPA and MCDCA impose a variety of obligations and potential liabilities on debt collectors"). Specifically, the MCDCA "prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt." *Bradshaw*, 765 F.Supp.2d at 731-32; *see also* Md. Code. Ann., Com. Law § 14-202(8). The MCPA likewise provides that "a person may not engage in any unfair or deceptive trade practice," such as a

"false or misleading statement[ ]," in relation to "[t]he extension of consumer credit" or the "collection of consumer debts." Md. Code Ann., Com. Law § 13-303(5).

Based on the foregoing, the first three counts of Plaintiffs' complaint will be dismissed.[16]

### C. Objections to Proofs of Claim (Count V) and Attorneys' Fees (Count VI)

Plaintiffs' so-called "claims" in Count V "Objections to Proofs of Claim and Other Bankruptcy Relief" and Count VI "Attorneys' Fees and Expenses in Obtaining Bankruptcy Relief" are not independent causes of action, but rather requests for relief. Specifically, in count five, Plaintiffs request that the court enter an order "providing that, without any additional submission or filing in the Maryland Bankruptcy Cases, objections to each and every Proof of Claim filed by LVNV and/or Resurgent on behalf of LVNV are deemed filed in an omnibus objection by Named-Plaintiffs and the members of the Class in the Maryland Bankruptcy Cases." (ECF No. 1, at 26). Plaintiffs state that "violations of the FDCPA and Maryland statutes are bases for objections to each Proof of Claim filed by LVNV in the Maryland Bankruptcy Cases." (*Id.*). Indeed, Plaintiffs recognize that they seek *relief* through this count, as they

---

[16] Because Named Plaintiffs' FDCPA, MCDCA, and MCPA claims cannot proceed, it is not necessary to reach the issue of whether these claims are time-barred.

explicitly plead that "[t]his Court . . . should exercise that jurisdiction and grant relief in favor of Named-Plaintiffs . . . against LVNV and Resurgent to expedite the filing and resolution of objections to any Proof of Claim filed by LVNV and such other relief necessary to address Defendants' illegal conduct." (*Id.*). Thus, Plaintiffs' remedial request depends upon their substantive causes of action alleging violations of the FDCPA, MCPA, and MCDCA, which as explained *supra*, cannot proceed.

Similarly, in the final count of the complaint, Plaintiffs assert their entitlement to recover attorneys' fees "for services rendered and reimbursement of expenses upon an application filed pursuant to Fed.R.Bankr.P., Rule 2016." (*Id.* at 28). The Supreme Court of the United States has recognized that "the question whether a litigant has a 'cause of action' is analytically distinct and prior to the question of what relief, if any, a litigant may be entitled to receive." *Davis v. Passman*, 442 U.S. 228, 239 (1979). Because an award of attorneys' fees is a form of relief, it is not a standalone cause of action. *See Carroll Co. v. Sherwin-Williams Co.*, 848 F.Supp.2d 557, 570 (D.Md. 2012); *see also Hess Constr. Co. v. Bd. of Educ.*, 341 Md. 155 (1996) (noting that attorneys' fees, when authorized, are generally either a statutory or contractual *remedy*); *White v. Harris*, 23 F.Supp.2d 611, 616 (D.Md. 1998) ("new Count VII – equitable relief and attorney's fees – states

no separate cause of action, but merely requests an alternative non-monetary form of relief.").

Accordingly, these last two counts of the complaint will also be dismissed.

## IV.  Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted.  A separate order will follow.


                /s/
                DEBORAH K. CHASANOW
                United States District Judge